UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 13 PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | **8/30/11** | Docket #: | **11-18231** |
| Debtor: | **Kathleen M Carpenter** | Co-Debtor: | |
| SS#: | **xxx-xx-1089** | SS#: | |
| Address: | **78 Webster Street**<br>**Arlington, MA 02474** | Address: | |

| | |
|---|---|
| Debtor's Counsel: | **Jay Paul Satin 442620** |
| Address: | **385 Broadway**<br>**Suite 402**<br>**Revere, MA 02151** |
| Telephone #: | **(781) 289-2215** |
| Facsimile #: | **(781) 289-1200** |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THE LATER OF (i) THIRTY (30) DAYS AFTER THE FIRST DATE SET FOR THE SECTION 341 MEETING, OR (ii) THIRTY (30) DAYS AFTER SERVICE OF A MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# OFFICIAL FORM 3
# PRE-CONFIRMATION CHAPTER 13 PLAN
*(Second Amended)*
## CHAPTER 13 PLAN

Docket No.: **11-18231**

DEBTORS:  (H)  **Kathleen M Carpenter**          SS# **xxx-xx-1089**

          (W)  _____    SS# _____

## I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ **1,032.00** for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

■ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

_____

☐ ____ Months. The Debtor states as reasons therefore:

_____

## II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

Total of secured claims to be paid through the Plan $ **0.00**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| -NONE- | |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| -NONE- | | |

D. Leases:

  i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of
     **-NONE-**
     ; or

  ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of
      **-NONE-**

    iii. The arrears under the lease to be paid under the plan are __0.00__.

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| **-NONE-** | | $ | |

B. Other:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| **Internal Revenue Service** | **2009 Income** | $ | **17,665.00** |
| | Total of Priority Claims to Be Paid Through the Plan $ | | 17,665.00 |

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan):  $ __0.00__

B. Miscellaneous fees:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| **-NONE-** | | $ | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of __24__ % of their claims.

A. General unsecured claims:  $ __131,571.00__

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| **-NONE-** | | $ | |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | | Amount of Claim |
|---|---|---|---|
| **Us Dept Of Education** | **Educational** | $ | **9,981.00** |
| **Us Dept Of Education** | **Educational** | $ | **8,026.00** |
| **Us Dept Of Education** | **Educational** | $ | **6,894.00** |

Total of Unsecured Claims (A + B + C):  $ __156,472.00__

D. Multiply total by percentage:  $ __38,063.00__
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | | Amount of claim |
|---|---|---|---|
| **-NONE-** | | $ | |
| | Total amount of separately classified claims payable at ___ % | $ | 0.00 |

VI. OTHER PROVISIONS

    A. Liquidation of assets to be used to fund plan:

    B. Miscellaneous provisions:

VII. CALCULATION OF PLAN PAYMENT

| | |
|---|---|
| a) Secured claims (Section II-A&D Total): | $ 0.00 |
| b) Priority claims (Section III-A&B Total): | $ 17,665.00 |
| c) Administrative claims (Section IV-A&B Total): | $ 0.00 |
| d) Regular unsecured claims (Section V-D Total): | $ 38,063.00 |
| e) Separately classified unsecured claims: | $ 0.00 |
| f) Total of a + b + c + d + e above: | =$ 55,728.00 |
| g) Divide (f) by .90 for total including Trustee's fee: Cost of Plan= | $ 61,920.00 |

(This represents the total amount to be paid into the chapter 13 plan)

| | |
|---|---|
| h. Divide (g), Cost of Plan, by Term of plan, | 60 months |
| i. Round up to nearest dollar for Monthly Plan Payment: | $ 1,032.00 |

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed.
Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|---|
| **-NONE-** | $ | | $ |

| | |
|---|---|
| Total Net Equity for Real Property: | $ 0.00 |
| Less Exemptions (Schedule C): | $ 0.00 |
| Available Chapter 7: | $ 0.00 |

B. Automobile (Describe year, make and model):

| | | | | |
|---|---|---|---|---|
| **1999 Toyota Camry** | Value $ 500.00 | Lien $ 0.00 | Exemption $ | 500.00 |

| | |
|---|---|
| Total Net Equity: | $ **500.00** |
| Less Total Exemptions (Schedule C): | $ **500.00** |
| Available Chapter 7: | $ **0.00** |

C. All other Assets (All remaining items on Schedule B):   (Itemize as necessary)

**Cash on Hand**
**TD Bank**
**Checking acct. # xxxx4846**
**Bank of America**
**Checking acct. xxxx0561**
**Direct Federal C.U.**
**Savings acct. # xxxx8705**
**Bank of America**
**Savings acct. # xxxx1314**
**Household goods and furnishings**
**Clothing**
**Jewelry**
**Term Life**
**401(k) ERISA**

Total Net Value:                          $ 2,175.00
Less Total Exemptions (Schedule C):       $ 2,175.00
Available Chapter 7:                      $ 0.00

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:  $                    0.00

E. Additional Comments regarding Liquidation Analysis:


IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ Jay Paul Satin**
**Jay Paul Satin 442620**                                    Date
Debtor's Attorney
Attorney's Address:  **385 Broadway**
                     **Suite 402**
                     **Revere, MA 02151**
          Tel. #:    **(781) 289-2215 Fax:(781) 289-1200**
          Email Address:  **jaysatin@hotmail.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

Date _____        Signature   **/s/ Kathleen M Carpenter**
                                             **Kathleen M Carpenter**
                                             Debtor

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  Kathleen M. Carpenter ,  Case No. 11-18231
         Debtor                                                                                                                (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __4__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  12/14/2011                       Signature: /s/ Kathleen M. Carpenter
                                                              Debtor

Date _____      Signature: _____
                                                              (Joint Debtor, if any)

[If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Printed or Typed Name and Title, if any,          Social Security No.
of Bankruptcy Petition Preparer                        (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X _____                    _____
Signature of Bankruptcy Petition Preparer                Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __4__ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____
                                                        Signature: _____

                                                        _____
                                                        [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.